GUARANTY TRUST COMPANY OF NEW YORK, PLAINTIFF, v. JOHN J. STAMLER ET AL., DEFENDANTS.

Decided February 9, 1932.

. Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the rule, *Arthur T. Vanderbilt.*

*Contra, Shelton Pitney.*

PER CURIAM.

This suit was brought to recover the amount due upon a promissory note made by the defendants Morris and Isadore Cohn to the plaintiff and endorsed by the defendant Stamler. The trial resulted in the direction of a verdict against Stamler for the amount due on the note, and he now challenges the legality of such direction.

The first ground urged for setting aside the verdict is that prior to the trial a motion was made to strike out the answer filed by the defendant Stamler, and that such motion was denied. The argument is that the denial of the motion to strike out the answer was a bar to the direction of a verdict by the trial court. This contention is without merit. The fact that the answer sets up a valid defense to a suit does not bar the direction of a verdict if there is no evidence submitted to sustain the answer, and the facts proved conclusively demonstrate the liability of the defendant.

The next contention is that the defendant became the endorser of the promissory note upon the representation made to him by the makers and payee that the amount of the note would be deposited to the credit of the makers, subject to withdrawal by them as they saw fit, whereas in fact the makers were required by the plaintiff, as payees, to pay interest on the amount of the note without any right on their part to use the money, but were compelled to transfer the amount thereof to the order of the National Dairy Products Company. The defendant Stamler contends that he was a mere surety on the note, and that he was relieved from liability as surety by the change in the contract as agreed upon between the parties while he was present. The uncontroverted proofs, however, show that a certificate of deposit was issued to the National Products Company by the plaintiff pursuant to the specific order of the makers of the note, and that this was not the result of any compulsion exercised over the makers of the note by the plaintiff; that in fact the amount of the money advanced by the plaintiff on the note was deposited to the account of the Cohns, the makers thereof; and that the certificate of deposit was thereafter issued. Clearly, the makers were not deprived of any control over this fund, but

dealt with it as they saw fit, and the compliance of the plaintiff with the instruction of the makers does not relieve the surety from his obligation to pay the note in case of default by them.

These are the only grounds argued for setting aside the verdict, and our conclusion is that the rule to show cause should be discharged.